**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY
 ALEXIS PRESTON,                                         Case No. 25-10173-KKS

     Debtor.                                                  Chapter 7

_____/

JEREMY HALES,

     Plaintiff

vs.

LYNETTE MICHELLE LACEY
 ALEXIS PRESTON,

     Defendant

_____/

## COMPLAINT

COMES NOW JEREMY HALES ("HALES" or "Plaintiff"), by and through undersigned counsel, and files this Complaint for non-dischargeability under 11 U.S.C. §§ 523(a)(6) and denial of discharge under 11 U.S.C. §§ 727 as to the Debtor, LYNETTE MICHELLE LACEY ALEXIS PRESTON ("PRESTON" or "Defendant"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §§ 151, 157, and 1334.

2. This action constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

1

3. This action constitutes an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

4. Venue rests properly in this District under 28 U.S.C. § 1409.

5. Plaintiff consents to the entry of final judgment by this Court.

## THE PARTIES

6. Defendant filed Chapter 7 on July 8, 2025.

7. Plaintiff is a creditor of Defendant.

## THE BANKRUPTCY FILING

7.   In connection with the bankruptcy filing, Defendant executed and filed Schedules A/B, C, D, E/F, G, H, I, and J, together with a Statement of Financial Affairs ("SOFA").

8.   Defendant signed the above Schedules and SOFA under penalty of perjury, declaring the information contained therein was true and correct.

9.   At the § 341 Meeting of Creditors conducted on 12/22/2025, Defendant reaffirmed under oath the accuracy and completeness of the Schedules and SOFA.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     HALES is a resident of Summit County, Ohio, who has built his career around his passions through social media, including, without limitation, Facebook, YouTube, TikTok, Instagram, and other platforms, with a current YouTube subscription fan base of over 700,000 people across the world for his YouTube channel "What The Hale$."  People who subscribe with Plaintiff's social media platforms often pay monthly fees to Plaintiff for premium access to Plaintiff's social media platform – which is an "open video diary" of Plaintiff's life.

2

11. Plaintiff has expended and continues to expend substantial time, money, and resources into acquiring subscribers, providing ongoing programs, and maintaining relationships and goodwill with them.

12. Since at least 2020 to date, Defendant has been a viewer of Plaintiff's' social media platforms.

13. On or about February 20, 2023, Defendant made certain requests/demands of Plaintiff, and Plaintiff declined these requests.

14. Beginning on or about May 1, 2023, Defendant maliciously began threatening to do injury to Plaintiff's reputation with intent thereby to extort a pecuniary advantage for herself.

15. Beginning on or about May 1, 2023, Defendant made multiple false statements of fact concerning Plaintiff to third parties.

16. Defendant published these false, defamatory statements about Plaintiff on various social media platforms.

17. On or about May 1, 2023, Plaintiff went to Ohio with the intention to remain there until the fall of 2023, only returning occasionally to his home in Florida for town hall meetings, which occur monthly.

18. In May 2023, Defendant wrote many double-sided road signs and placed these signs around the roads surrounding Plaintiff's property in Levy County, Florid. These signs falsely stated:

- *Jeremy Hales Raped my Daughter!*

- *Jeremy Hales Has to Go! What the Hales?*

- *Jeremy Hales OHIO Rapist*

- *NO OHIO Rapists in Levy County – Stop Jeremy Hales*

- *Jeremy Hales Needs to Go! No Child rapists in Levy Co!*

• *Stop Jeremy Hales No Rapists in Levy Co!*

19.     After learning of these actions by Defendant,  on or about May 23, 2023, Plaintiff hired an attorney who sent a "cease and desist" letter to Defendant  and a third party (Ms. Cook) which stated, *inter alia,*

> [Y]our unlawful defamatory statements directed to Jeremy Hales on social media platforms constitutes libel under Florida Law. CEASE AND DESIST PUBLISHING ALL DEFAMATORY STATEMENTS… It has come to our attention that you posted defamatory statements regarding Jeremy Hales on various web pages including, but not limited to, Otter Creek friends and neighbors, Otter Creek politics, The Heart of Otter Creek, It's a Shell Thing Inc., as well as other social media platforms…We demand that you immediately
>
> (A) cease and desist your unlawful defamation of Mr. Jeremy Hales, Martha, George, What the Hales, and all other variations (including all misspellings and euphemisms such as the youtubers, neighbors, etc.);
>
> (B) immediately remove and delete all postings relating to Mr. Hales and his interests; and
>
> (C) that you provide us with written assurance within ten (10) days that you will cease and desist from further libel directed to our clients.

20.     Despite knowing the falsity of her statements, Defendant used her defamatory statements to attempt to persuade Plaintiff's customers to stop supporting Plaintiff.

21.     The statements by Defendant were false, unprivileged, and concerned matters that harmed Plaintiff in his professional, business, and personal reputation.

22.     Defendant knew the statements were false at the time they were made, or acted with reckless disregard for their truth or falsity.

23.     Defendant communicated these statements orally or online to third parties, constituting slander under applicable state law.

24.     Defendant made slanderous statements intentionally, not accidentally or negligently.

4

25.     Defendant acted with the subjective intent to injure Plaintiff, or with knowledge that injury was substantially certain to occur.

26.     Defendant's conduct was malicious in that it was wrongful, intentional, without just cause or excuse, and undertaken with specific intent to harm Plaintiff.

27.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including, but not limited to: loss of reputation; lost income or business opportunities; emotional distress; costs incurred to mitigate reputational harm.

28.     On or about August 15, 2023, Plaintiff filed an action against Defendant in Ohio to request an injunction and restraining order (Case No. CV-2023-09-3595).

**29.**     In November 2023 the Ohio court issued two 2-year renewable Restraining Orders/Injunctions against Defendant for stalking Plaintiff and against a third party - John Cook – who is also a creditor.  A copy of the Restraining Orders/Injunctions are attached as **Exhibit "A" and Exhibit "B."**

30.     To date, these Restraining Orders/Injunctions have not stopped Defendant from continuing her false and defamatory acts against Plaintiff.

31.     On March 4, 2024, Plaintiff filed an action in federal district court against Defendant and a third party alleging defamation, stalking, extortion, blackmail and tortious interference with advantageous business relationships (Case No. 24-cv-00045-AW-ZCB).

32.     On June 18, 2025, Plaintiff filed a Second Amended Complaint in federal district court for damages and injunctive relief against Defendant and several other parties, alleging malicious prosecution and civil conspiracy (Case No. 25-cv-00058-RH-ZCB).

## COUNT I - NON-DISCHARGABILITY UNDER 11 U.S.C. § 523(a)(6)

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set forth herein.

34. Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

35. Defendant's actions as set forth above constitute an intentional tort causing direct injury to Plaintiff.

36. Defendant's actions were both willful and malicious.

37. Plaintiff holds a claim against Defendant arising from this conduct, whether reduced to judgment or not.

WHEREFORE, Plaintiff respectfully requests the Court:

A. Determine Defendant's debts to Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

B. Liquidate the amount of damages, or alternatively determine non-dischargeability of any judgment entered by a non-bankruptcy court;

C. Award Plaintiff costs and attorney's fees to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

## COUNT II – OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)

38. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set forth herein.

39. At the time of filing, Defendant held a legal and/or equitable interest in certain assets which were required to be disclosed under 11 U.S.C. § 521 and in the Official Bankruptcy Forms, such as, *inter alia*, her (1) Flea Market Business – assets - operated under a lease with the Chiefland Farmers Flea Market in Chiefland, Florida (https://www.chieflandfarmersfleamarket.com/home), (2) jewelry, and (3) donations due her (per

6

her testimony at the § 341 meeting) from Lisa Lee, but currently held by Lisa Lee and other third parties.

40. These assets were concealed by the Defendant, who omitted them from the Schedules and SOFA.

41. The concealing of these assets was material because they (a) were property of the estate under 11 U.S.C. § 541, (b) had value and (c) affected the administration of the bankruptcy estate and the rights of creditors.

42. Defendant knew of these assets at the time the Schedules and SOFA were filed.

43. Despite such knowledge, Defendant intentionally omitted these assets from the Schedules and SOFA.

44. Defendant's omissions were not the result of mistake, inadvertence, or confusion, but were made knowingly and fraudulently.

45. Defendant's conduct demonstrates a reckless disregard for the truth.

WHEREFORE, Plaintiff respectfully requests the Court:

A.     Enter judgment denying Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4);

B.     Award Plaintiff costs and reasonable attorneys' fees where permitted by law; and

C.     Grant such other and further relief as the Court deems just and proper.

### COUNT III - NON-DISCHARGABILITY UNDER 11 U.S.C. § 727(a)(4)(A)

46.  Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

47. Section 727(a)(4)(A) provides that a debtor shall be denied a discharge if the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

48. Defendant made statements under oath by signing the Schedules and SOFA and testifying at the § 341 meeting. Defendant omitted or failed to disclose, *inter alia,* her interest in the following: (1) her Flea Market Business – assets - operated under a lease with the Chiefland Farmers Flea Market in Chiefland, Florida (https://www.chieflandfarmersfleamarket.com/home); (2) her jewelry, and (3) her donations due to her (per her testimony at the § 341 meeting) from Lisa Lee, but currently held by Lisa Lee and other third parties.

49. Defendant's omission of assets constituted false statements under oath.

50. Debtor knew the statements were false when made.

51. Defendant acted with fraudulent intent, or at minimum with reckless indifference to the truth.

52. The false statements were material, as they concerned the existence and value of estate assets.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Enter judgment denying Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

B.      Award Plaintiff costs and reasonable attorneys' fees where permitted by law; and.

8

C.     Grant such other and further relief as the Court deems just and proper.

By: /s/ Randall Shochet, Esq.
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
Main Street
Trenton, FL 32693
(352) 354-4518
attorneys@counsel.insure

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
BROCK & SCOTT, PLLC
4919 Memorial Hwy., Suite 135
Tampa, FL  33634
813-836-7648
954-618-6954 (fax)
Dennis.LeVine@brockandscott.com
Theresa.Byington@brockandscott.com