**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY PRESTON, CASE NO.: 25-10173-MWC
CHAPTER: 7

Debtor.
_______________________________________/

JEREMY HALES,

Plaintiff,

v. ADV. NO.: 26-01001-MWC

LYNETTE MICHELLE LACEY PRESTON,

Defendant.
_______________________________________/

**ORDER GRANTING *DEFENDANT'S PARTIAL MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT* (Doc. 10)**

THIS ADVERSARY PROCEEDING came before the Court for hearing on August 25, 2026, on the *Defendant's Partial Motion to Dismiss Counts II and III of the Complaint and Incorporated Memorandum of Law* ("Motion," AP Doc. 10)[1] filed by Defendant, Lynette Michelle Lacey Preston ("Defendant" or "Debtor"), and the *Response to Defendant's Partial Motion to Dismiss Counts II and III of the Complaint* ("Response," AP Doc. 14),

---

[1] In this Order, all references to "AP Doc." are to the documents filed in this adversary proceeding, and all references to "Doc." are to the documents filed in the bankruptcy case.

filed by Plaintiff, Jeremy Hales ("Plaintiff"). Having considered the Motion, the Response, the record, and argument of counsel, and for the reasons stated on the record at the hearing and as further set forth below, the Court GRANTS the Motion as to Counts II and III, WITHOUT PREJUDICE, with leave for Plaintiff to file an amended complaint within twenty-one (21) days of entry of this Order.

## I. BACKGROUND

Plaintiff commenced this adversary proceeding by filing the Complaint on February 25, 2026, asserting Count I for nondischargeability under 11 U.S.C. § 523(a)(6), Count II captioned under 11 U.S.C. § 727(a)(2) but seeking relief under 11 U.S.C. § 727(a)(4) in its prayer, and Count III under 11 U.S.C. § 727(a)(4)(A).

Defendant filed a voluntary Chapter 7 petition on July 3, 2025.[2] The Complaint alleges that, in connection with the bankruptcy filing, Defendant executed and filed Schedules A/B, C, D, E/F, G, H, I, and J, together with a Statement of Financial Affairs ("SOFA"),[3] and that at the § 341 Meeting of Creditors conducted on December 22, 2025, Defendant reaffirmed under oath the accuracy and completeness of the Schedules and

[2] *Voluntary Petition for Individual Filing for Bankruptcy*, In re Preston, Case No. 25-10173-MWC (Bankr. N.D. Fla. July 3, 2025), Doc. 1.
[3] AP Doc. 1, ¶ 7.

SOFA.[4] The Complaint does not identify which version of the Schedules is referenced, notwithstanding that the record reflects Schedules were filed on July 8, 2025,[5] and Amended Schedules were filed on November 16, 2025,[6] before the § 341 Meeting.

On April 10, 2026, Defendant filed the Motion, seeking dismissal of Counts II and III under Bankruptcy Rule 7012(b) and Civil Rule 12(b)(6),[7] and, as to Count III, under the heightened particularity standard of Civil Rule 9(b), as incorporated by Bankruptcy Rule. Defendant does not seek dismissal of Count I.

On May 8, 2026, Plaintiff filed the Response, opposing dismissal. Plaintiff concedes that the reference to § 727(a)(4) in Count II is a "scrivener's error,"[8] but does not otherwise amend or clarify the statutory basis of Count II.

## II. JURISDICTION AND CONSTRUCTION OF COUNT II

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under to 28 U.S.C. § 157(b)(2)(I)

---

[4] Id. at ¶ 9.
[5] See Docs. 12–19.
[6] See Doc. 61.
[7] In this Order, all references to "Bankruptcy Rule(s)" are to the Federal Rules of Bankruptcy Procedure, all references to "Civil Rule(s)" are to the Federal Rules of Civil Procedure, and all references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. § 101, et seq.
[8] AP Doc. 14, ¶ 4.

and (J). Venue is proper in this District under 28 U.S.C. § 1409.

As a threshold matter, the Court addresses the ambiguity in Count II's statutory basis. Section 727(a)(2) itself contains two distinct subsections: subsection (A), addressing concealment of "property of the debtor, within one year before the date of the filing of the petition," and subsection (B), addressing concealment of "property of the estate, after the date of the filing of the petition."[9] The Complaint does not specify which subsection of § 727(a)(2) it invokes.[10] However, the factual allegations of Count II describe an ongoing, post-petition non-disclosure of assets that would, if the assets are properly characterized as property of the estate, constitute concealment occurring "after the date of the filing of the petition" within the meaning of § 727(a)(2)(B), rather than a discrete pre-petition transfer or concealment of the debtor's own property under § 727(a)(2)(A). The Court therefore construes the factual allegations of Count II as arising under § 727(a)(2)(B).

## III. LEGAL STANDARD

Bankruptcy Rule 7012(b) makes Civil Rule 12(b)(6) applicable in adversary proceedings. To survive a motion to dismiss under Civil Rule

[9] 11 U.S.C. § 727(a)(2)(A)-(B)

[10] Count II's reference to § 727(a)(4) exacerbates the other errors in the Complaint, leaving the Defendant unable to determine which specific cause of action is being pursued. A complaint is sufficient if it provides the defendant notice of the specific misconduct alleged so that the defendant may formulate a defense. CHEP USA v. Fleming Cos., Inc. (In re Fleming Cos., Inc.), 319 B.R. 359, 362 (Bankr. D. Del. 2005).

12(b)(6), a complaint must state "a claim to relief that is plausible on its face."[11] A plaintiff must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] In considering a motion to dismiss, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"[13]

Bankruptcy Rule 7009 incorporates Civil Rule 9(b), which requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[14] "Further, any allegations based in fraud must comply with the heightened pleading standard in Rule 9(b)."[15] Under Civil Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendant

---

[11] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).
[12] Id. at 555.
[13] Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).
[14] Fed. R. Civ. P. 9(b).
[15] Mandala v. Tire Stickers, LLC, 829 F. App'x 896, 901 (11th Cir. 2020).

gained by the alleged fraud."[16] "To be precise, to survive a motion to dismiss, Plaintiffs must assert the who, what, when, and where of the purported fraud."[17] Malice, intent, knowledge, and other conditions of a person's mind, however, "may be alleged generally."[18]

## IV. ANALYSIS

### A. Count II – 11 U.S.C. § 727(a)(2)(B)

To state a claim for denial of discharge under § 727(a)(2)(B), Plaintiff must plausibly allege: (1) a transfer or concealment of property; (2) that the property belonged to the estate; (3) that the act occurred after the filing of the petition; and (4) that the act was done with actual intent to hinder, delay, or defraud a creditor or officer of the estate.[19]

The Complaint fails to plausibly allege the second element—that the assets identified in paragraph 39 were "property of the estate" under 11 U.S.C. § 541(a). As to the alleged "donations due her" that the Complaint

---

[16] Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (citation modified).
[17] Cox-Tanner v. Taylor, Bean & Whitaker Mortg. Corp. (In re Taylor, Bean & Whitaker Mortg. Corp.), Case No. 3:09-bk-7047-JAF, Adv. No. 3:11-ap-326-JAF, 2011 Bankr. LEXIS 4151, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. Oct. 24, 2011) (citing Sampson v. Wash. Mut. Bank, 453 F. App'x 863, 866 (11th Cir. 2011)).
[18] Fed. R. Civ. P. 9(b).
[19] See 11 U.S.C. § 727(a)(2)(B); PRN Real Estate & Invs., Ltd. v. Cole, 85 F.4th 1324, 1338–39 (11th Cir. 2023) (explaining that a § 727(a)(2)(B) claim applies the same basic framework as § 727(a)(2)(A), except that the debtor's conduct must occur after the petition date); Jennings v. Maxfield (In re Jennings), 533 F.3d 1333, 1339 (11th Cir. 2008) (articulating the intent standard applicable to § 727(a)(2) claims); Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306-07 (11th Cir. 1994) (creditor bears the burden of proving actual, not merely constructive, fraudulent intent).

itself describes as "currently held by Lisa Lee and other third parties,"[20] the Complaint does not allege facts establishing that Defendant held a legal or equitable interest in those funds sufficient to bring them within the estate, as opposed to a contingent expectancy or claim against a third party that Defendant did not possess or control.[21] Property held by a third party is not, without more, "property of the estate" subject to disclosure and turnover by the Debtor.

The Complaint likewise fails to plausibly allege the third element—that any transfer or concealment occurred "after the date of the filing of the petition." The Complaint's factual allegations describe the filing of Schedules and SOFA and a subsequent reaffirmation of their accuracy at the § 341 Meeting, but do not identify any specific post-petition act of concealment, transfer, or failure to surrender estate property distinct from the initial, undifferentiated non-disclosure. Nor does the Complaint identify which set of Schedules—the original Schedules filed July 8, 2025, or the Amended Schedules filed November 16, 2025—contained the alleged omissions, leaving the Defendant unable to determine what post-petition

---

[20] Ap Doc. 1, ¶ 39.

[21] The Complaint does not allege the source of the donations, the terms or conditions governing Defendant's entitlement to them, whether Defendant held an enforceable right to payment (as opposed to a mere expectancy or hope of a future gift) as of the relevant date, or the identity and amount of each alleged payment.

conduct, if any, is at issue.

Finally, the Complaint's allegation that Defendant "acted with actual intent to hinder, delay or defraud a creditor by failing to discuss these assets in the Schedules,"[22] is a conclusory recitation of the statutory intent element unsupported by specific factual allegations (e.g., the value of the omitted assets, the circumstances of their acquisition, or other badges of fraud) from which actual intent could plausibly be inferred.[23] While intent may be alleged generally under Civil Rule 9(b), the underlying factual circumstances supporting an inference of intent must still be pled with sufficient particularity to render the claim plausible, and the Complaint does not do so here.

Accordingly, Count II, construed under § 727(a)(2)(B), fails to state a claim upon which relief can be granted under Civil Rule 12(b)(6).

**B. Count III – 11 U.S.C. § 727(a)(4)(A)**

To state a claim under § 727(a)(4)(A), a plaintiff must allege that the debtor knowingly and fraudulently made a false oath or account in or in connection with the bankruptcy case, and that the false oath related to a

[22] AP Doc. 14, ¶ 11.
[23] See Jennings, 533 F.3d at 1339–42 (identifying badges of fraud relevant to inferring actual intent under § 727(a)(2)); see also Cole, 85 F.4th at 1341–42 (same, in the context of a postpetition concealment claim).

material fact.[24] Because Count III sounds in fraud, it is subject to the particularity requirements of Civil Rule 9(b), as incorporated by Bankruptcy Rule 7009.

As with Count II, the Complaint does not identify which version of the Schedules and SOFA contains the alleged false statements or omissions, nor does it identify the precise statement, line item, or response within those documents alleged to be false. This omission is fatal under Civil Rule 9(b), which requires a plaintiff to allege "the precise statements, documents, or misrepresentations made," and the "who, what, when, and where" of the purported fraud.

The Complaint also fails to plausibly allege materiality. A false oath is material under § 727(a)(4)(A) if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, the existence and disposition of property, or similar matters.[25] The Complaint does not allege the value of the flea market business interest, the jewelry, or the donations, nor does it otherwise allege facts from which materiality could plausibly be inferred. Indeed, the Motion identifies that jewelry was

---

[24] Cole, 85 F.4th at 1339–40; Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991); Chancellor v. Martin (In re Martin), 239 B.R. 610, 614 (Bankr. N.D. Fla. 1999); Sperling v. Hoflund (In re Hoflund), 163 B.R. 879, 882–83 (Bankr. N.D. Fla. 1993); United States Trustee v. Garland (In re Garland), 417 B.R. 805, 814 (10th Cir. BAP 2009).

[25] Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 618 (11th Cir. 1984).

disclosed on Defendant's amended Schedule A/B, which, if properly subject to consideration at this stage, would undercut the premise of the omission allegation as to that category. The Complaint does not address this discrepancy.

Because the Complaint does not identify with particularity the precise false statements at issue, the schedules or documents in which they appear, or facts supporting materiality, Count III fails to satisfy Civil Rule 9(b) and therefore fails to state a plausible claim under Civil Rule 12(b)(6).

### C. Duplication of Counts II and III

The Court further notes, without resolving the issue given the dismissal of both counts on other grounds, that Counts II and III as pled rest on an overlapping factual nucleus, raising concerns of duplicative pleading. Any amended complaint should plead Counts II and III as to distinct theories and, to the extent both counts are re-pled, should clarify how each count's elements are independently satisfied as to each challenged asset.

## V. CONCLUSION

For the reasons stated, Counts II and III do not plead with sufficient factual detail to state plausible claims for relief under 11 U.S.C. §§ 727(a)(2) and 727(a)(4)(A), and the Motion to Dismiss is therefore granted

as to those counts.

Accordingly, it is **ORDERED:**

1. The *Defendant's Partial Motion to Dismiss Counts II and III of the Complaint* (Doc. 10) is GRANTED. Counts II and III of the Complaint are DISMISSED WITHOUT PREJUDICE.
2. Plaintiff shall have twenty-one (21) days from the date of entry of this Order to file an amended complaint as to Counts II and III.
3. If Plaintiff does not file an amended complaint within the time allowed, Counts II and III shall stand dismissed without further order of the Court.
4. This Order does not address, and does not dismiss, Count I of the Complaint, which Defendant did not move to dismiss. Defendant shall answer Count I, and, if an amended complaint is timely filed, shall respond to the amended complaint in its entirety, within the time provided by Bankruptcy Rule 7012(a), running from the later of entry of this Order or service of any amended complaint.

**DONE AND ORDERED** on September 14, 2026.

MARY W. COLÓN
Chief U.S. Bankruptcy Judge

cc: Counsel for Plaintiff is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file proof of service within 3 days of entry of the order.