**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

LYNETTE MICHELLE LACEY
ALEXIS PRESTON, Case No. 25-10173-KKS

Debtor. Chapter 7
___________________________________/

JEREMY HALES,

Plaintiff

vs.

LYNETTE MICHELLE LACEY
ALEXIS PRESTON,

Defendant
_/

**AMENDED COMPLAINT**

COMES NOW JEREMY HALES ("HALES" or "Plaintiff"), by and through undersigned counsel, and files this Complaint for non-dischargeability under 11 U.S.C. §§ 523(a)(6) and denial of discharge under 11 U.S.C. §§ 727 as to the Debtor, LYNETTE MICHELLE LACEY ALEXIS PRESTON ("PRESTON" or "Defendant"), alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §§ 151, 157, and 1334.

2. This action constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. This action constitutes an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

4. Venue rests properly in this District under 28 U.S.C. § 1409.

5. Plaintiff consents to the entry of final judgment by this Court.

## THE PARTIES

6. Plaintiff is a creditor of Defendant.

7. Defendant filed Chapter 7 on July 8, 2025.

## THE BANKRUPTCY FILING

8. In connection with the bankruptcy filing, on July 8, 2025, Defendant executed and filed Schedules A/B, C, D, E/F, G, H, I, and J ("Schedules"), together with a Statement of Financial Affairs ("SOFA") (See Doc. 12).

9. In Schedule B, in addition to one vehicle the Debtor listed (a) personal household Property totaling $700 value, (b) for jewelry, one bracelet valued at $25, (c) nothing under "machinery, fixtures and equipment you use in business, and tools of your trade", (d) nothing under "inventory" (e) nothing for "non-publicly traded stock and interests in incorporated and unincorporated businesses", (f) nothing for "any business related property you did not already list".

10. In the SOFA, question 4 requested the Debtor to list any income from operating a business, and the Debtor listed none.

11. On November 16, 2025, Defendant executed and filed Amended Schedules A/B, C, D, E/F ("Amended Schedules") (See Doc. 63).

12. In Schedule B in the Amended Schedules, the Debtor listed (a) personal household property totaling $925 value, (b) for jewelry, one bracelet valued at $25, (c) nothing under "machinery, fixtures and equipment you use in business, and tools of your trade", (d) nothing under "inventory", (e) nothing for "non-publicly traded stock and interests in incorporated and

unincorporated businesses" and (f) nothing for "any business related property you did not already list".

13. Several third parties, including Lisa Lee, are holding funds on behalf of the Defendant which were donated prepetition through "go fund me" and other online processes through donations received by Lisa Lee on behalf of the Debtor. The YouTube channel "Two Lees in a Pod," operated by Lisa Lee has been collecting donations across CashApp, Venmo, PayPal, StreamElements Tip Jar, and Amazon Wish Lists. In a recorded livestream, a donor known as "Only Me" stated he gave $56,000, specifically "for Michelle (the Debtor) and the child." See, i.e., https://www.change.org/p/demand-investigation-into-alleged-fundraising-misconduct-by-youtube-channel-2leesinapod.

14. Defendant signed the Schedules, SOFA and Amended Schedules under penalty of perjury, declaring the information contained therein was true and correct.

15. At the § 341 Meeting of Creditors conducted on 12/22/2025, Defendant reaffirmed under oath the accuracy and completeness of the Schedules, SOFA and Amended Schedules.

## ALLEGATIONS COMMON TO ALL COUNTS

16. HALES is a resident of Summit County, Ohio, who has built his career around his passions through social media, including, without limitation, Facebook, YouTube, TikTok, Instagram, and other platforms, with a current YouTube subscription fan base of over 700,000 people across the world for his YouTube channel "What The Hale$." People who subscribe with Plaintiff's social media platforms often pay monthly fees to Plaintiff for premium access to Plaintiff's social media platform – which is an "open video diary" of Plaintiff's life.

17. Plaintiff has expended and continues to expend substantial time, money, and resources into acquiring subscribers, providing ongoing programs, and maintaining relationships and goodwill with them.

18. Since at least 2020 to date, Defendant has been a viewer of Plaintiff's' social media platforms.

19. On or about February 20, 2023, Defendant made certain requests/demands of Plaintiff, and Plaintiff declined these requests.

20. Beginning on or about May 1, 2023, Defendant maliciously began threatening to do injury to Plaintiff's reputation with intent thereby to extort a pecuniary advantage for herself.

21. Beginning on or about May 1, 2023, Defendant made multiple false statements of fact concerning Plaintiff to third parties.

22. Defendant published these false, defamatory statements about Plaintiff on various social media platforms.

23. On or about May 1, 2023, Plaintiff went to Ohio with the intention to remain there until the fall of 2023, only returning occasionally to his home in Levy County, Florida for town hall meetings, which occur monthly.

24. In May 2023, Defendant wrote many double-sided road signs and placed these signs along the roads surrounding Plaintiff's nearby property in Levy County, Florida. These signs falsely stated:

- ***Jeremy Hales Raped my Daughter!***
- ***Jeremy Hales Has to Go! What the Hales?***
- ***Jeremy Hales OHIO Rapist***
- ***NO OHIO Rapists in Levy County – Stop Jeremy Hales***
- ***Jeremy Hales Needs to Go! No Child rapists in Levy Co!***

• ***Stop Jeremy Hales No Rapists in Levy Co!***

25. After learning of these actions by Defendant, on or about May 23, 2023, Plaintiff hired an attorney who sent a "cease and desist" letter to Defendant and a third party (John M. Cook), which stated, *inter alia,*

> "[Y]our unlawful defamatory statements directed to Jeremy Hales on social media platforms constitutes libel under Florida Law. CEASE AND DESIST PUBLISHING ALL DEFAMATORY STATEMENTS… It has come to our attention that you posted defamatory statements regarding Jeremy Hales on various web pages including, but not limited to, Otter Creek friends and neighbors, Otter Creek politics, The Heart of Otter Creek, It's a Shell Thing Inc., as well as other social media platforms…We demand that you immediately
>
> (A) cease and desist your unlawful defamation of Mr. Jeremy Hales, Martha, George, What the Hales, and all other variations (including all misspellings and euphemisms such as the youtubers, neighbors, etc.);
>
> (B) immediately remove and delete all postings relating to Mr. Hales and his interests; and
>
> (C) that you provide us with written assurance within ten (10) days that you will cease and desist from further libel directed to our clients."

26. Despite knowing the falsity of her statements, Defendant used her defamatory statements to attempt to persuade Plaintiff's customers to stop supporting Plaintiff.

27. The statements by Defendant were defamatory, false, unprivileged, and concerned matters that harmed Plaintiff in his professional, business, and personal reputation.

28. Defendant knew the statements were false at the time they were made, or acted with reckless disregard for their truth or falsity.

29. Defendant communicated these statements orally or online to third parties, constituting slander under applicable state law.

30. Defendant made slanderous statements intentionally, not accidentally or negligently.

31. Defendant acted with the subjective intent to injure Plaintiff, or with knowledge that injury was substantially certain to occur.

32. Defendant's conduct was malicious in that it was wrongful, intentional, without just cause or excuse, and undertaken with specific intent to harm Plaintiff.

33. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including, but not limited to: loss of reputation; lost income or business opportunities; emotional distress; costs incurred to mitigate reputational harm.

34. On or about August 15, 2023, Plaintiff filed an action against Defendant in Ohio to request an injunction and restraining order (Case No. CV-2023-09-3595).

35. In November 2023 the Ohio court issued two 2-year renewable Restraining Orders/Injunctions against Defendant for stalking Plaintiff and against a third party - John Cook – who is also a creditor. A copy of the Restraining Orders/Injunctions are attached as Exhibit "A" and Exhibit "B."

36. These Restraining Orders/Injunctions did not stop Defendant from continuing her defamatory and illegal acts against Plaintiff.

37. On March 4, 2024, Plaintiff filed an action in federal district court against Defendant and a third-party alleging defamation, stalking, extortion, blackmail and tortious interference with advantageous business relationships (Case No. 24-cv-00045-AW-ZCB). This case is currently under a bankruptcy stay.

38. On June 18, 2025, Plaintiff filed a Second Amended Complaint in federal district court for damages and Injunctive Relief against Defendant, alleging malicious prosecution and civil conspiracy (Case No. 25-cv-00058-RH-ZCB). This case is currently under a bankruptcy stay.

**COUNT I - NON-DISCHARGABILITY UNDER 11 U.S.C. § 523(a)(6)**

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set forth herein.

40. Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

41. Defendant's actions as set forth above constitute an intentional tort causing direct injury to Plaintiff.

42. Defendant's actions were both willful and malicious.

43. Plaintiff holds a claim against Defendant arising from this conduct, whether reduced to judgment or not.

WHEREFORE, Plaintiff respectfully requests the Court:

A. Determine Defendant's debts to Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

B. Liquidate the amount of damages, or alternatively determine non-dischargeability of any judgment entered by a non-bankruptcy court;

C. Award Plaintiff costs and attorney's fees to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

**COUNT II – OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)(A) [1]**

44. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set forth herein.

45. Under 11 U.S.C. § 727(a)(2)(A), the Court may deny the Debtor's discharge where the Debtor, with intent to hinder, delay or defraud a creditor, concealed property of the Debtor within one year before the date of the filing of the petition. [2]

46. At the time of filing her petition, Defendant held a legal and/or equitable interest in certain assets which were required to be disclosed under 11 U.S.C. § 521 and in the Official Bankruptcy Forms, but the Defendant failed to do so.

47. In the Schedules, SOFA and Amended Schedules, Defendant failed to disclose the following assets (a) her Flea Market Business (and its assets and inventory) operated under a lease with the Chiefland Farmers Flea Market in Chiefland, Florida (https://www.chieflandfarmersfleamarket.com/home), which Plaintiff estimates has a value of $10,000, (b) her jewelry, including significant jewelry inventory which Defendant sold at her flea market business, which Plaintiff estimates has a value of $5,000 and (c) donations to Defendant totaling more than $110,000 made to her (per her testimony at the § 341 meeting) and which constitute her property, but currently are held by Lisa Lee and other third parties.

---

[1] In the Order granting the Debtor's Motion to Dismiss the Complaint, the Court incorrectly identifies the claim in Count II as a claim under 11 U.S.C. § 727 (a)(2)(B); however, the claim is made under 11 U.S.C. § 727(a)(2)(A).

[2] Pursuant to Section 727(a)(2)(A), the plaintiff must prove by a preponderance of the evidence that: (1) a concealment of property occurred; (2) the concealment was of debtor's property; (3) the concealment was made within one year prior to the petition date, and (4) the concealment was done with the intent to hinder, delay, or defraud a creditor or the trustee. *In re Dereve*, 381 B.R. 309, 325 (Bankr. N.D. Fla. 2007)

48. Defendant had right, title and interest in the assets described above within one year before the date of the filing of the Defendant's petition.

49. Despite having knowledge of these assets, Defendant intentionally omitted these assets from the Schedules, SOFA and Amended Schedules.

50. The above assets were property of the Defendant and concealed by the Defendant and omitted from the Schedules, SOFA and Amended Schedules.

51. Defendant's concealed assets were material because they (a) were property of the Debtor, (b) had significant value; and (c) affected the administration of the bankruptcy estate and the rights of creditors.

52. Defendant knew of these assets at the time the Schedules, Amended Schedules and SOFA were filed.

53. The concealment of these assets took place within one year prior to the filing of the petition.

54. Defendant's omissions were not the result of mistake, inadvertence, or confusion, but were made knowingly and fraudulently.

55. Defendant's conduct as set forth above demonstrates a reckless disregard for the truth.

56. The concealment of these assets was done with the intent to hinder, delay or defraud creditors and the trustee based on (a) the substantial flea market business not disclosed, (b) the significant amount of jewelry and inventory not disclosed, (c) the retention of the flea market business and jewelry inventory for her use and benefit, including continuing to sell property of the estate post-petition, (d) a close relationship between the Defendant and Lisa Lee, and (e) the

cumulative effect of the transactions and course of conduct after onset of financial difficulties or the threat of suit. [3]

WHEREFORE, Plaintiff respectfully requests the Court:

A. Enter judgment denying Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

B. Award Plaintiff costs and reasonable attorneys' fees where permitted by law; and

C. Grant such other and further relief as the Court deems just and proper.

**COUNT III - NON-DISCHARGABILITY UNDER 11 U.S.C. § 727(a)(4)(A)**

57. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

58. Section 727(a)(4)(A) provides that a debtor shall be denied a discharge if the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

59. Defendant filed Schedules, SOFA and Amended Schedules under oath which disclosed her interest in only a limited amount of personal property. [4]

60. At the time of filing her petition, Defendant held a legal and/or equitable interest in certain assets which were required to be disclosed under 11 U.S.C. § 521 and in the Official Bankruptcy Forms.

---

[3] See *In re Dereve*, 381 B.R. 309 (Bankr. N.D. Fla. 2007).

[4] Schedule B lists only the following assets -- sewing machine, gas stove, refrigerator, mattress, television, one bracelet, dehydrator, almond milk-makers, ice machine with a total value of $700. On question 12 regarding jewelry she owned, the Defendant stated none. On question 30 regarding amounts owed to her, the Defendant stated none.

61. Defendant omitted or failed to disclose in the Schedules, Amended Schedules and SOFA, and in her testimony at the creditors meeting, *inter alia,* her interest in the following: (a) her Flea Market Business (and associated assets and inventory) operated under a lease with the Chiefland Farmers Flea Market in Chiefland, Florida (https://www.chieflandfarmersfleamarket.com/home), which Plaintiff estimates has a value of $10,000 (b) her jewelry, including significant jewelry inventory Defendant sold at her flea market business, which Plaintiff estimates has a value of $5,000, and (c) donations to Defendant totaling more than $110,000 made to her (per her testimony at the § 341 meeting) and which constitute her property, but currently are held by Lisa Lee and other third parties.

62. The above assets had significant value and are material.

63. Defendant filed a SOFA under oath with the Court. In question 4 regarding income from operating a business, the Defendant stated none, and did not otherwise disclose her flea market business. In question 20 regarding financial accounts held for her benefit, Defendant stated none.

64. Defendant also made statements under oath testifying at the § 341 meeting which were false, including stating that money was no being held for her by Lisa Lee or other third parties, who received third party "donations" on her behalf.

65. Defendant's omission of assets constituted false statements under oath.

66. Debtor knew the statements were false when made.

67. Defendant acted with fraudulent intent, or at minimum with reckless indifference to the truth.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment denying Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

B. Award Plaintiff costs and reasonable attorneys' fees where permitted by law; and

C. Grant such other and further relief as the Court deems just and proper.

By: /s/ Randall Shochet, Esq.
Randall ("Randy") Shochet, Esq.
Florida Bar No. 959421
SHOCHET LAW GROUP
SHOCHET APPELLATE, LLC
Main Street
Trenton, FL 32693
(352) 354-4518
attorneys@counsel.insure

/s/DENNIS J. LEVINE, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
BROCK & SCOTT, PLLC
4919 Memorial Hwy., Suite 135
Tampa, FL 33634
813-836-7648
954-618-6954 (fax)
Dennis.LeVine@brockandscott.com
Theresa.Byington@brockandscott.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the Amended Complaint was served electronically or via U.S. mail, first-class postage prepaid, to: Lynette Michelle Lacey Alexi Preston, 151 North Otter Creek Avenue, Otter Creek, FL 32683; Jerome Ramsaran, Esq., Jerome Ramsaran, P.A., 1200 Brickell Ave, Ste 1950, Miami, FL 33131 on this 29th day of September, 2026.

/s/ Dennis J. LeVine

DENNIS J. LEVINE, ESQUIRE
Florida Bar No. 375993

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

---

**CASE NUMBER:** CV-2023-09-3595

---

JUDGE: KATHRYN MICHAEL

ORDER FILED: 11/01/2023

**NOTICE**

TO:

JEREMY HALES
2436 W STREETSBORO RD
Peninsula, OH 44264

**You are hereby notified that the following has been filed with the Summit County Clerk of Courts Office:**

---

FINAL CIVIL PROTECTION ORDER (SSOOPO), THE TERMS OF THIS ORDER SHALL BE EFFECTIVE UNTIL 10-10-2025 (R.C.2903.214) MAGISTRATE KANDI O'CONNOR/JUDGE KATHRYN MICHAEL

---

Sandra Kurt, Clerk
Summit County Clerk of Courts

Case No. CV 23-09-3529

SANDRA KURT

2023 NOV -1 PM 1:46

SUMMIT COUNTY
CLERK OF COURTS

# FORM 10-C:
# WARNING CONCERNING THE ATTACHED PROTECTION ORDER OR CONSENT AGREEMENT

***NOTE:*** *Rules 10.01, 10.02, 10.03, and 10.05 of the Rules of Superintendence for the Courts of Ohio require this Warning to be attached to the FRONT of all civil and criminal EX PARTE or FULL HEARING protection orders issued by the courts of the State of Ohio.*

## WARNING TO RESPONDENT / DEFENDANT

Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you.

This Protection Order is enforceable in all counties in Ohio and 50 states, the District of Columbia, tribal lands, and U.S. territories pursuant to state law and the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to state and federal charges and punishment.

Only the Court may change the terms of this Protection Order. The Petitioner/Alleged Victim/Protected Person cannot give you legal permission to change this Order. If you go near the Petitioner/Alleged Victim/ Protected Person, even with the person's permission, you may be arrested. Only the Court may change or end this Protection Order. Unless the Court changes or ends this Order, you may be arrested for violating this Protection Order. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

## WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Protection Order **cannot** be changed by either party without obtaining a written court order.

## NOTICE ABOUT FIREARMS AND OTHER DEADLY WEAPONS

As a result of this Protection Order or Consent Agreement, it may be a federal crime for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to 18 U.S.C. 922(g)(8) for the duration of this Order. If you have any questions whether the law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult with a lawyer.

This Protection Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) **only** with respect to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/ Respondent has been convicted of an offense of violence, for example, domestic violence, menacing by stalking, etc., against a family or household member.

## NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all counties in Ohio. Violation of this Protection Order is a crime under R.C.2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2151.34, 2903.213, 2903.214, 2919.26, 2919.27, and 3113.31. If you have reasonable grounds to believe that the Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain the Respondent/ Defendant until a warrant may be obtained. Federal and state law prohibits charging a fee for service of this Order to the *Petitioner/Alleged Victim or protected parties.*

SUMMIT COUNTY CLERK OF COURTS

FORM 10.03-F: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

# Order of Protection

Per R.C. 2903.214(F)(3), this Order is indexed at

SUMMIT COUNTY SHERIFF
**LAW ENFORCEMENT AGENCY WHERE INDEXED**

(330) 643 - 2181
**PHONE NUMBER**

Case No. **CV 2023 09 3595**

Judge **Kathryn Michael**
Magistrate **Kandi O'Connor**

State **OHIO**

☒ **CIVIL STALKING PROTECTION ORDER FULL HEARING (R.C. 2903.214)**

☐ **CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING (R.C. 2903.214)**

**PETITIONER:**

| First | Middle | Last |
|---|---|---|
| Jeremy | | Hales |

**v.**

**PERSON(S) PROTECTED BY THIS ORDER:**

Petitioner Jeremy Hales [redacted]
Petitioner's Family or Household Members:
(☒ Additional forms attached)

Martha Rizk DOB: [redacted]
DOB:
DOB:
DOB:

**RESPONDENT:**

| First | Middle | Last |
|---|---|---|
| Lynnette | | Preston |

Relationship to Petitioner:
Address where Respondent can be found:
151 N. Otter Creek Ave, Otter Creek, FL 32683

RESPONDENT IDENTIFIERS

| SEX | RACE | HGT | WGT |
|---|---|---|---|
| [redacted] | white | [redacted] | [redacted] |

| EYES | HAIR | DOB |
|---|---|---|
| | [redacted] | [redacted] [redacted] [redacted] |

| DRIVER'S LIC. NO. | EXP. DATE | STATE |
|---|---|---|
| | | |

Distinguishing Features:

2023 NOV -? PM 1:06
SANDRA KURT
SUMMIT COUNTY CLERK OF COURTS

☐ **WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH CAUTION**

Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration: Registration of this Order is not required for enforcement.

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and Respondent was provided with reasonable notice and opportunity to be heard within the time required by Ohio law. **Additional findings of this Order are set forth below.**

**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against Petitioner and other protected persons named in this Order. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until 10 10 2025 **(DATE CERTAIN – 5 YEARS MAXIMUM)**

**WARNING TO RESPONDENT: See the warning page attached to the front of this Order.**

Case No.______________________

This proceeding came on for a full hearing before the Court on 10/10/23
The following individuals were present: Petitioner and Respondent Present.

Petitioner, represented by Attorney Eli Heller and Respondent proceeding pro se, via video conference.

**Petitioner presented credible testimony and evidence in support of a civil stalking protection order. The Court specifically notes that Petitioner and Respondent are neighbors at their properties located in Florida. That this court order issued in Ohio must be given full faith and credit pursuant to the Violence Against Women Act, 18 U.S.C. 2265. The court further notes that when the parties are Located on their own property, that the distance is reduced to 10 feet. When the parties are not on Their respective properties, the distance remains at 500 feet. This order includes any internet And/or electronic communications.**

☐ **Additional findings on a separate page are included and attached herein.**

☒ The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

☐ ~~The Court finds by a preponderance of the evidence that 1) Petitioner or Petitioner's family or household members have been a victim of a sexually oriented offense as defined in R.C. 2950.01, committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from sexually oriented offenses.~~

☐ ~~The Court finds by clear and convincing evidence that 1) Petitioner or Petitioner's family or household members reasonably believed Respondent's conduct before the filing of the Petition endangered the health, welfare, or safety of Petitioner or Petitioner's family or household members; 2) Respondent~~

presents a continuing danger to Petitioner or Petitioner's family or household members; and 3) the following orders are equitable, fair, and necessary to protect the persons named in this Order from experiencing a continuing danger.

**RESPONDENT SHALL NOT ABUSE,** harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]

**ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO RESPONDENT**

☒1. **RESPONDENT SHALL NOT ENTER** the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order **even with the permission of a protected person**. [NCIC 04]

☐2. **RESPONDENT SHALL NOT INTERFERE** with the protected persons' right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telecommunication (e.g., telephone internet, or cable) services, mail delivery, or the delivery of any other documents or items. [NCIC 03]

☐3. **RESPONDENT SHALL SURRENDER** all keys and garage door openers to the following residence:

______________________________________________

within 24 hours of service of this Order to the law enforcement agency that serves Respondent with this Order or as follows:

______________________________________________

______________________________________________

☒4. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or **10 feet while on own property** (distance) of any protected persons wherever those protected persons may be found, or any place Respondent knows or should know the protected persons are likely to be, **even with a protected person's permission**. If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

☐5. **RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY, COMPANION ANIMALS, OR PETS** owned or possessed by the protected persons named in this Order.

☐6. **PETITIONER IS AUTHORIZED TO REMOVE THE FOLLOWING COMPANION ANIMALS OR PETS** owned by Petitioner from the possession of Respondent:

______________________________________________

Exchange of the listed companion animals or pets shall take place as follows:

______________________________________________

☒7. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

Respondent may not violate this Order **even with the permission of a protected person**. [NCIC 05]

☐8. **RESPONDENT SHALL NOT** use any form of electronic surveillance on protected persons.

☒9. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

☐10. **RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON** at any time while this Order remains in effect for the safety and protection of the protected persons named in this Order. Furthermore, Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C. 922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13. [NCIC 07]

**RESPONDENT IS EXCEPTED** only for official use pursuant to 18 U.S.C. 925(a)(1), if no other firearms and ammunition prohibitions apply.

☐11. **RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS OWNED** by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than __________ or as follows:

______________________________________________________________________

______________________________________________________________________

Any law enforcement agency is authorized to accept possession of deadly weapons pursuant to this paragraph and hold them in protective custody for the duration of this Order. [NCIC 07]

Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons into protective custody as set forth in this Order.

Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file.

12. **RESPONDENT'S CONCEALED CARRY WEAPON LICENSE,** if any, is now subject to R.C. 2923.128.

☐13. **IT IS FURTHER ORDERED:** [NCIC 08]

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

☐14. **RESPONDENT SHALL COMPLETE** the following counseling program:

______________________________________________________________________

**Respondent shall contact this program within ______ days after receiving this Order and immediately arrange for an initial appointment.** The counseling program is requested to provide the Court a written notice when Respondent attends the initial appointment, if Respondent fails to attend or is discharged, and when Respondent completes the program. Respondent is required to sign all necessary waivers to allow the Court to receive information from the counseling program.

☐ **Respondent is ordered to appear before Judge or Magistrate ____________________ on ______ / ______ / ______ at ______ ☐a.m. ☐p.m. to review Respondent's compliance with this counseling order. Respondent is warned: If you fail to attend the counseling program you may be held in contempt of court. If you fail to appear at this hearing, the Court may issue a warrant for your arrest.**

☐15. **RESPONDENT SHALL NOT USE OR POSSESS** ☐alcohol or ☐ illegal drugs.

Case No.______________________

☐16. ~~**RESPONDENT SHALL BE SUBJECT TO ELECTRONIC MONITORING.** Respondent is ordered to report to~~ _____ ~~for placement of a global positioning system for the purpose of electronic monitoring for the duration of~~ this Order or until _______ / _______ / _______ whichever expires first. The Court further imposes the following terms and conditions:

☒17. The Clerk of Court shall cause a copy of this Order to be served on Respondent as set forth in Civ.R. 5(B) and 65.1(C)(3). The Clerk of Court shall also provide certified copies of this Order to Petitioner upon request.

18. **IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE,** the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of this Order.

19. ~~**IT IS FURTHER ORDERED NO COSTS OR FEES SHALL BE ASSESSED AGAINST PETITIONER** for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, serving, or subpoenaing witnesses or obtaining a certified copy of this Order. This Order is granted without bond.~~

20. **THE COSTS OF THIS ACTION ARE** ☐assessed against Respondent ☒waived.

**IT IS SO ORDERED.**

MAGISTRATE KANDI O'CONNOR

**JUDGE Kathryn Michael**

I certify this to be a true copy of the original. Sandra Kurt, Clerk of Courts. Deputy Clerk

**NOTICE TO RESPONDENT**

**NO PERSON PROTECTED BY THIS ORDER CAN GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THE TERMS OF THIS ORDER. IF YOU VIOLATE THE TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE HELD IN CONTEMPT OR ARRESTED. ONLY THE COURT CAN CHANGE THIS ORDER. YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

***NOTICE OF FINAL APPEALABLE ORDER***

Copies of the foregoing Order, which is a final appealable order, were served on or delivered to the parties indicated pursuant to Civ.R. 5(B) and 65.1(C)(3), including ordinary mail

on 11 / 1 / 23

By: _______________
CLERK OF COURT

**TO THE CLERK**

**A COPY OF THIS ORDER SHALL BE SERVED ON RESPONDENT PURSUANT TO CIV.R. 65.1(C)(3).**

X Petitioner
☐ Petitioner's Attorney
☐ Respondent's Attorney
☒ Law Enforcement Agency Where Petitioner Resides:
_______________
☐ Law Enforcement Agency Where Petitioner Works:
_______________
☒ Sheriff's Office
Summit
☐ Other: _______________

Case No.________________________

## WAIVER

~~I,~~ ________________________________________ ~~(Respondent) understand that I have the right to a full hearing on the Petition for Civil Stalking Protection Order or Civil Sexually Oriented Offense Protection Order, and acknowledge each of the following:~~

1. ~~I waive the right to have a full hearing on this Protection Order.~~
2. ~~I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order.~~
3. ~~I waive the right to present witnesses and evidence on my own behalf.~~
4. ~~I waive the right to file objections and recognize this may limit my right to appeal the issuance of this Protection Order.~~

~~I understand that based on the waivers listed above, a Protection Order will be entered against me.~~

________________________________________ ________________________________________

RESPONDENT DATE

A TRU Y ATTEST Sheriff
KANDY FATH Deputy
EMB

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

---

**CASE NUMBER:** CV-2023-09-3594

---

JUDGE: SUSAN BAKER ROSS

ORDER FILED: 11/01/2023

**NOTICE**

TO:

JEREMY HALES
2436 W STREETSBORO RD
Peninsula, OH 44264

**You are hereby notified that the following has been filed with the Summit County Clerk of Courts Office:**

---

FINAL CIVIL PROTECTION ORDER (SSOOPO), THE TERMS OF THIS ORDER SHALL BE EFFECTIVE UNTIL 10-10-2025 (R.C.2903.214) MAGISTRATE KANDI O'CONNOR/JUDGE SUSAN BAKER ROSS

---

Sandra Kurt, Clerk
Summit County Clerk of Courts

Case No. CV 23-09-354

SANDRA KURT
2023 OCT 31 PM 2: 01
SUMMIT COUNTY
CLERK OF COURTS

# FORM 10-C: WARNING CONCERNING THE ATTACHED PROTECTION ORDER OR CONSENT AGREEMENT

***NOTE***: *Rules 10.01, 10.02, 10.03, and 10.05 of the Rules of Superintendence for the Courts of Ohio require this Warning to be attached to the FRONT of all civil and criminal EX PARTE or FULL HEARING protection orders issued by the courts of the State of Ohio.*

## WARNING TO RESPONDENT / DEFENDANT

Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you.

This Protection Order is enforceable in all counties in Ohio and 50 states, the District of Columbia, tribal lands, and U.S. territories pursuant to state law and the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to state and federal charges and punishment.

Only the Court may change the terms of this Protection Order. The Petitioner/Alleged Victim/Protected Person cannot give you legal permission to change this Order. If you go near the Petitioner/Alleged Victim/ Protected Person, even with the person's permission, you may be arrested. Only the Court may change or end this Protection Order. Unless the Court changes or ends this Order, you may be arrested for violating this Protection Order. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

## WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Protection Order **cannot** be changed by either party without obtaining a written court order.

## NOTICE ABOUT FIREARMS AND OTHER DEADLY WEAPONS

As a result of this Protection Order or Consent Agreement, it may be a federal crime for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to 18 U.S.C. 922(g)(8) for the duration of this Order. If you have any questions whether the law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult with a lawyer.

This Protection Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) **only** with respect to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/ Respondent has been convicted of an offense of violence, for example, domestic violence, menacing by stalking, etc., against a family or household member.

## NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all counties in Ohio. Violation of this Protection Order is a crime under R.C.2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2151.34, 2903.213, 2903.214, 2919.26, 2919.27, and 3113.31. If you have reasonable grounds to believe that the Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain the Respondent/ Defendant until a warrant may be obtained. Federal and state law prohibits charging a fee for service of this Order to the Petitioner/Alleged Victim or protected parties.

FORM 10.03-F: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

SANDRA KURT
2023 OCT 31 PM 3:04
SUMMIT COUNTY
CLERK OF COURTS

# Order of Protection

Per R.C. 2903.214(F)(3), this Order is indexed at

SUMMIT COUNTY SHERIFF
LAW ENFORCEMENT AGENCY WHERE INDEXED

(330) 643 - 2181
PHONE NUMBER

Case No. CV 2023 09 3594

Judge Susan Baker Ross
Magistrate Kandi O'Connor

State **OHIO**

☒ **CIVIL STALKING PROTECTION ORDER FULL HEARING (R.C. 2903.214)**

☐ **CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING (R.C. 2903.214)**

**PETITIONER:**

Jeremy Hales
First Middle Last

v.

**RESPONDENT:**

John Cook
First Middle Last

Relationship to Petitioner:
Address where Respondent can be found:
151 N. Otter Creek Ave
Otter Creek FL 32683

**PERSON(S) PROTECTED BY THIS ORDER:**

Petitioner Jeremy Hales [redacted]
Petitioner's Family or Household Members:
(☒ Additional forms attached)
Martha Rizk DOB: [redacted]
DOB:
DOB:
DOB:

RESPONDENT IDENTIFIERS

| SEX | RACE | HGT | WGT |
|---|---|---|---|
| [redacted] | [redacted] | | [redacted] |

| EYES | HAIR | DOB |
|---|---|---|
| | [redacted] | [redacted] [redacted] [redacted] |

| DRIVER'S LIC. NO. | EXP. DATE | STATE |
|---|---|---|
| | | |

Distinguishing Features:

☐ **WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH CAUTION**

Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration: Registration of this Order is not required for enforcement.

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and Respondent was provided with reasonable notice and opportunity to be heard within the time required by Ohio law. **Additional findings of this Order are set forth below.**

**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against Petitioner and other protected persons named in this Order. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until 10 10 2025 **(DATE CERTAIN – 5 YEARS MAXIMUM)**

**WARNING TO RESPONDENT: See the warning page attached to the front of this Order.**

Case No.________________________

This proceeding came on for a full hearing before the Court on 10/10/23
The following individuals were present:

Petitioner, represented by Attorney Eli Heller and Respondent proceeding pro se, via video conference.

**Petitioner presented credible testimony and evidence in support of a civil stalking protection order. The Court specifically notes that Petitioner and Respondent are neighbors at their properties located in Florida. That this court order issued in Ohio must be given full faith and credit pursuant to the Violence Against Women Act, 18 U.S.C. 2265. The court further notes that when the parties are Located on their own property, that the distance is reduced to 10 feet. When the parties are not on Their respective properties, the distance remains at 500 feet. This order includes any internet And/or electronic communications.**

☐ **Additional findings on a separate page are included and attached herein.**

☒ The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

☐ ~~The Court finds by a preponderance of the evidence that 1) Petitioner or Petitioner's family or household members have been a victim of a sexually oriented offense as defined in R.C. 2950.01, committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from sexually oriented offenses.~~

☐ ~~The Court finds by clear and convincing evidence that 1) Petitioner or Petitioner's family or household members reasonably believed Respondent's conduct before the filing of the Petition endangered the health, welfare, or safety of Petitioner or Petitioner's family or household members; 2) Respondent presents a continuing danger to Petitioner or Petitioner's family or household members; and 3) the following orders are equitable, fair, and necessary to protect the persons named in this Order from experiencing a continuing danger.~~

~~**RESPONDENT SHALL NOT ABUSE**, harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]~~

**ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO RESPONDENT**

☒1. **RESPONDENT SHALL NOT ENTER** the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 04]

☐2. ~~**RESPONDENT SHALL NOT INTERFERE** with the protected persons' right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telecommunication (e.g., telephone internet, or cable) services, mail delivery, or the delivery of any other documents or items. [NCIC 03]~~

☐3. ~~**RESPONDENT SHALL SURRENDER** all keys and garage door openers to the following residence:~~

______

~~within 24 hours of service of this Order to the law enforcement agency that serves Respondent with this Order or as follows:~~

______

☒4. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or **10 feet while on own property** (distance) of any protected persons wherever those protected persons may be found, or any place Respondent knows or should know the protected persons are likely to be, **even with a protected person's permission**. If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

☐5. ~~**RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY, COMPANION ANIMALS, OR PETS** owned or possessed by the protected persons named in this Order.~~

☐6. ~~**PETITIONER IS AUTHORIZED TO REMOVE THE FOLLOWING COMPANION ANIMALS OR PETS** owned by Petitioner from the possession of Respondent:~~

______

~~Exchange of the listed companion animals or pets shall take place as follows:~~

______

☒7. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 05]

☐8. ~~**RESPONDENT SHALL NOT** use any form of electronic surveillance on protected persons.~~

☒9. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

☐10. **RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON** at any time while this Order remains in effect for the safety and protection of the protected persons named in this Order. Furthermore, Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C. 922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13. [NCIC 07]

**RESPONDENT IS EXCEPTED** only for official use pursuant to 18 U.S.C. 925(a)(1), if no other firearms and ammunition prohibitions apply.

☐11. **RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS OWNED** by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than __________ or as follows:

________________________________________________

________________________________________________

Any law enforcement agency is authorized to accept possession of deadly weapons pursuant to this paragraph and hold them in protective custody for the duration of this Order. [NCIC 07]

Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons into protective custody as set forth in this Order.

Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file.

12. **RESPONDENT'S CONCEALED CARRY WEAPON LICENSE**, if any, is now subject to R.C. 2923.128.

☐13. **IT IS FURTHER ORDERED:** [NCIC 08]

________________________________________________

________________________________________________

________________________________________________

________________________________________________

________________________________________________

☐14. **RESPONDENT SHALL COMPLETE** the following counseling program:

________________________________________________

**Respondent shall contact this program within ______ days after receiving this Order and immediately arrange for an initial appointment.** The counseling program is requested to provide the Court a written notice when Respondent attends the initial appointment, if Respondent fails to attend or is discharged, and when Respondent completes the program. Respondent is required to sign all necessary waivers to allow the Court to receive information from the counseling program.

☐ **Respondent is ordered to appear before Judge or Magistrate ____________________ on ______ / ______ / ______ at ______ ☐a.m. ☐p.m. to review Respondent's compliance with this counseling order. Respondent is warned: If you fail to attend the counseling program you may be held in contempt of court. If you fail to appear at this hearing, the Court may issue a warrant for your arrest.**

☐15. **RESPONDENT SHALL NOT USE OR POSSESS** ☐alcohol or ☐ illegal drugs.

☐16. **RESPONDENT SHALL BE SUBJECT TO ELECTRONIC MONITORING.** Respondent is ordered to report to ________________________________________ for placement of a global positioning system for the purpose of electronic monitoring for the duration of

this Order or until ________ / ________ / ________ whichever expires first. The Court further imposes the following terms and conditions:

☒**17.** The Clerk of Court shall cause a copy of this Order to be served on Respondent as set forth in Civ.R. 5(B) and 65.1(C)(3). The Clerk of Court shall also provide certified copies of this Order to Petitioner upon request.

**18. IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE,** the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of this Order.

**19.** ~~**IT IS FURTHER ORDERED NO COSTS OR FEES SHALL BE ASSESSED AGAINST PETITIONER** for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, serving, or subpoenaing witnesses or obtaining a certified copy of this Order. This Order is granted without bond.~~

**20. THE COSTS OF THIS ACTION ARE** ☐assessed against Respondent ☒waived.

**IT IS SO ORDERED.**

______________________________ ______________________________
**MAGISTRATE KANDI O'CONNOR** **JUDGE Susan Baker Ross**

I certify this to be a true copy of the original. Sandra Kurt, Clerk of Courts, Deputy Clerk

**NOTICE TO RESPONDENT**

**NO PERSON PROTECTED BY THIS ORDER CAN GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THE TERMS OF THIS ORDER. IF YOU VIOLATE THE TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE HELD IN CONTEMPT OR ARRESTED. ONLY THE COURT CAN CHANGE THIS ORDER. YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

***NOTICE OF FINAL APPEALABLE ORDER***

Copies of the foregoing Order, which is a final appealable order, were served on or delivered to the parties indicated pursuant to Civ.R. 5(B) and 65.1(C)(3), including ordinary mail

on 10/ 31 / 23

By: ______________________
CLERK OF COURT

**TO THE CLERK**

**A COPY OF THIS ORDER SHALL BE SERVED ON RESPONDENT PURSUANT TO CIV.R. 65.1(C)(3).**

X Petitioner
☐ Petitioner's Attorney
☐ Respondent's Attorney
☒ Law Enforcement Agency Where Petitioner Resides:
______________________
☐ Law Enforcement Agency Where Petitioner Works:
______________________
☒ Sheriff's Office
Summit
☐ Other: ______________________

Case No.________________________

## WAIVER

~~I, ________________________________________ (Respondent) understand that I have the right to a full hearing on the Petition for Civil Stalking Protection Order or Civil Sexually Oriented Offense Protection Order, and acknowledge each of the following:~~

1. ~~I waive the right to have a full hearing on this Protection Order.~~
2. ~~I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order.~~
3. ~~I waive the right to present witnesses and evidence on my own behalf.~~
4. ~~I waive the right to file objections and recognize this may limit my right to appeal the issuance of this Protection Order.~~

~~I understand that based on the waivers listed above, a Protection Order will be entered against me.~~

________________________________________ ________________________________________
RESPONDENT DATE

A TRUE COPY ATTEST
KANDY FATHEREE Sheriff
Deputy