**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE: Case No. 25-10173-KKS

LYNETTE MICHELLE LACEY Chapter 7

ALEXIS PRESTON,

Debtor.

_________________________________________/

JEREMY HALES,

Plaintiff,

v. Adv. Pro. No. 26-01001-KKS

LYNETTE MICHELLE LACEY

ALEXIS PRESTON,

Defendant.

_________________________________________/

**DEFENDANT'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW, WITH ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I AND III**

Defendant Lynette Michelle Lacey Alexis Preston responds to the Amended Complaint as directed by paragraph 4 of the Court's September 14, 2026 Order Granting Defendant's Partial Motion to Dismiss Counts II and III of the Complaint (the Order). Part One moves to dismiss Count II for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), which applies in an adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b). Part Two answers Counts I and III and states Defendant's affirmative defenses.

## PART ONE: MOTION TO DISMISS COUNT II

## INTRODUCTION

Count II now proceeds under subsection (A) of the Bankruptcy Code's concealment provision, which reaches only conduct within the year before the petition. Every act of concealment the Amended Complaint describes took place after the petition or carries no date. The schedules, the statement of financial affairs, and the amended schedules were filed after the petition, and the meeting of creditors and the alleged sales followed. The alleged retention of the flea market business and jewelry is undated. The only allegation placing any concealment before the petition is a recital of the statutory element. That is the defect the Court identified in the original Count II, now under a different subsection, and it requires dismissal again.

## BACKGROUND

The Court construed the original Count II as a subsection (B) claim because its factual allegations described "an ongoing, post-petition non-disclosure of assets" rather than a discrete prepetition act. Order at 4. The Court then dismissed that count in part because the Complaint did "not identify any specific post-petition act of concealment, transfer, or failure to surrender estate property distinct from the initial, undifferentiated non-disclosure." Order at 7. The Amended Complaint recaptions Count II under subsection (A) and states in a footnote that the Court "incorrectly identifies the claim in Count II" as a subsection (B) claim. Am. Compl. at 8 n.1. The factual basis of the count is the same in kind: "In the Schedules, SOFA and Amended Schedules, Defendant failed to disclose" three categories of assets. Am. Compl. ¶ 47. Defendant filed her Chapter 7 petition on July 3, 2025. Order at 2. The Amended Complaint alleges a filing date of July 8, 2025. Am. Compl. ¶ 7. The Statement of Financial Affairs was docketed after the petition. Main Case Doc. 6 (entered 07/06/2025). The Schedules were filed on July 8, 2025. Order at 3. The Amended Schedules followed on November 16, 2025. Order at 3. The Amended

Complaint places Defendant's testimony at the meeting of creditors on 12/22/2025. Am. Compl. ¶ 15.

## STANDARD

In ruling on a motion to dismiss, the Court first must "eliminate any allegations in the complaint that are merely legal conclusions" and then ask whether the well-pleaded facts plausibly give rise to an entitlement to relief. American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010).

## ARGUMENT

### A. Subsection (A) reaches only conduct in the year before the petition.

Plaintiff chose to plead Count II under subsection (A) alone, after the Court construed the original count under subsection (B). Am. Compl. at 8 n.1. The Eleventh Circuit has explained that "[t]he only difference between subsections (A) and (B) is timing: the former covers actions taken before the petition is filed; the latter covers actions after the petition is filed." PRN Real Est. & Invs., Ltd. v. Cole, 85 F.4th 1324, 1334 (11th Cir. 2023). In that case, because the creditor pleaded the concealment under subsection (A) alone, its claim was confined to concealment within the year before the petition, excluding concealment after the petition. Id. at 1334 n.2. Subsection (A) reaches property of the debtor concealed "within one year before the date of the filing of the petition," and subsection (B) reaches property of the estate concealed "after the date of the filing of the petition." 11 U.S.C. § 727(a)(2). Having made that election, Plaintiff must plead a concealment that occurred before July 3, 2025.

### B. Count II alleges no dated act of concealment before the petition.

The concealment that Count II describes consists of omissions from the Schedules, the Statement of Financial Affairs, and the Amended Schedules, each of which was filed after the petition. Am. Compl. ¶¶ 47, 49-50; Order at 3; Main Case Doc. 6. Count II places the duty to disclose at the petition date itself, alleging that Defendant held the assets "[a]t the time of filing her petition" and that she failed to disclose them as required. Am. Compl. ¶ 46. A failure to disclose on schedules filed after the petition is, by Plaintiff's own description, post-petition conduct. The alleged false testimony was given at the meeting of creditors months later. Am. Compl. ¶ 15. The only other conduct Count II identifies is Defendant's alleged "retention of the flea market business and jewelry inventory for her use and benefit, including continuing to sell property of the estate post-petition." Am. Compl. ¶ 56(c). Apart from that undated retention, which ¶ 56(c) illustrates only with post-petition sales, each of these acts is conduct of the kind subsection (B) addresses, which Plaintiff has chosen not to plead.

What remains is the allegation that "[t]he concealment of these assets took place within one year prior to the filing of the petition." Am. Compl. ¶ 53. Amended Complaint ¶ 48 similarly alleges that Defendant had an interest in the assets within that year. Am. Compl. ¶ 48. Neither paragraph identifies an act, a date, a transferee, or a transaction. Each restates the statutory element, and a restated element is a legal conclusion that drops out at the first step of the analysis. American Dental, 605 F.3d at 1290. In R & R Express, Inc. v. Cawthon (In re Cawthon), 594 B.R. 913, 923 (Bankr. N.D. Ga. 2018), the court dismissed a subsection (A) claim based on alleged transfers because the plaintiff had "not identified a specific act Defendant did within a year of filing that would qualify under this section." The Amended Complaint here alleges no prepetition act at all. Its omissions are omissions from documents that did not exist until after the petition was filed.

The decision Plaintiff cites for the elements of the claim shows what is missing. Am. Compl. at 8 n.2, 10 n.3 (citing Morrissy v. Dereve (In re Dereve), 381 B.R. 309 (Bankr. N.D. Fla. 2007)). In Dereve, the court found the first three elements of a § 727(a)(2) claim proven because the debtor's own financial records showed more than $100,000 of her money moved in wire transfers within the year before the petition, and her Statement of Financial Affairs listed none of them. 381 B.R. at 326. The prepetition act there was the transfers. Count II pleads an omission from post-petition filings and identifies no transfer, sale, or other act within the year before the petition.

**C. The continuing-concealment doctrine does not supply the missing act.**

The Eleventh Circuit has applied the doctrine of continuing concealment to a debtor who "has kept his assets out of a creditor's reach during the look-back period by means of a sham ownership arrangement established more than one year before the bankruptcy petition was filed." Coady v. D.A.N. Joint Venture III, L.P. (In re Coady), 588 F.3d 1312, 1316 (11th Cir. 2009). The closest the Amended Complaint comes to such an arrangement is its allegation that Lisa Lee and other third parties are holding donated funds "on behalf of the Defendant," together with its reference to "a close relationship between the Defendant and Lisa Lee." Am. Compl. ¶¶ 13, 56(d). Those allegations describe a third party collecting donations. They do not allege that Defendant arranged for Lee to hold anything, when any arrangement began, that the funds were placed with Lee to keep them from creditors, or that Defendant kept a secret interest in them. Nor does Count II identify any act by which Defendant kept an asset out of a creditor's reach during the year before July 3, 2025. Am. Compl. ¶¶ 44-56.

The donation allegations also fail on the property element. The Order held that the original complaint alleged no facts showing that Defendant held a legal or equitable interest in

funds held by Lee and other third parties, "as opposed to a contingent expectancy or claim against a third party that Defendant did not possess or control." Order at 7. Subsection (A) reaches only "property of the debtor." 11 U.S.C. § 727(a)(2)(A). The Order also identified what the complaint lacked: the source of the donations, the terms governing Defendant's entitlement to them, whether she held an enforceable right to payment rather than an expectancy of a future gift, and the identity and amount of each payment. Order at 7 n.21. The Amended Complaint now alleges that third parties hold prepetition donations "on behalf of the Defendant," including a donor's statement that $56,000 was given "for Michelle (the Debtor) and the child," and it concludes that the donations "constitute her property." Am. Compl. ¶¶ 13, 47(c). It still does not allege the terms on which any donation was given or is held, or that Defendant has an enforceable right to demand the funds from Lee or anyone else. Without a prepetition arrangement, a prepetition act, or property of the debtor, there is nothing for the doctrine to continue.

**D. The intent allegations do not cure the defect.**

This Court's Order holds that although intent may be alleged generally, "the underlying factual circumstances supporting an inference of intent must still be pled with sufficient particularity to render the claim plausible." Order at 8. The Amended Complaint lists five circumstances said to show intent. Am. Compl. ¶ 56. The first three restate the alleged non-disclosure and allege that Defendant retained the business and jewelry for her own use, including through post-petition sales. The fourth alleges "a close relationship between the Defendant and Lisa Lee," and the fifth refers to an unspecified course of conduct after the onset of financial difficulties or the threat of suit. No transaction is identified, and none is dated. The Eleventh Circuit defines conceal, for purposes of the discharge provisions, as "to knowingly withhold

information about property or to knowingly prevent its discovery." PRN Real Est., 85 F.4th at 1334. The Amended Complaint does not allege that Defendant withheld information about any property, or prevented its discovery, before July 3, 2025. The circumstances it lists therefore do not supply the underlying facts the Order requires.

**E. Count II repeats Count III and pleads the wrong intent standard.**

The Order noted, without resolving the issue, that any amended complaint "should plead Counts II and III as to distinct theories" and should "clarify how each count's elements are independently satisfied as to each challenged asset." Order at 10. The Amended Complaint does neither. Counts II and III list the same three assets in nearly identical words and rest on their omission from the same Schedules, Statement of Financial Affairs, and Amended Schedules. Compare Am. Compl. ¶¶ 47, 49-50, with id. ¶¶ 59, 61. Count II is the non-disclosure claim pleaded in Count III, recaptioned under a different subsection.

Count II also pleads intent in the language of the false-oath provision. It alleges that the omissions were made "knowingly and fraudulently" and that Defendant's conduct "demonstrates a reckless disregard for the truth." Am. Compl. ¶¶ 54-55. Under subsection (A), a creditor "bears the considerable burden of demonstrating actual fraudulent intent; constructive fraud is insufficient." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (emphasis omitted). An allegation of reckless disregard is not an allegation of actual intent to hinder, delay, or defraud.

**RESERVATION OF DEFENSES**

This motion does not waive any defense to Count II.

**RELIEF REQUESTED**

Defendant requests that the Court dismiss Count II of the Amended Complaint.

**PART TWO: ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I AND III**

Defendant answers the numbered paragraphs of the Amended Complaint as follows. Amended Complaint ¶¶ 44-56 (Count II) are the subject of Part One, and no response to them is required while that motion is pending. To the extent a response is required, they are denied.

¶¶ 1-2: Admitted that this Court has jurisdiction over this adversary proceeding and that it is a core proceeding.

¶ 3: Admitted that this is an adversary proceeding. The remaining allegations of Amended Complaint ¶ 3 state legal conclusions to which no response is required.

¶ 4: Admitted.

¶ 5: The Amended Complaint at ¶ 5 states Plaintiff's consent, to which no response is required. Federal Rule of Bankruptcy Procedure 7012(b) provides that a responsive pleading "must state whether the party does or does not consent to the entry of final orders or judgment by the bankruptcy court." Defendant [DOES / DOES NOT] consent to the entry of final orders or judgment by the bankruptcy court.

¶ 6: Admitted that Defendant's schedules list Plaintiff's claim as unliquidated and disputed, and as a lawsuit claim. Defendant denies that Plaintiff holds an allowed or liquidated claim against her.

¶ 7: Denied. Defendant filed her Chapter 7 petition on July 3, 2025.

¶ 8: Admitted that the Schedules were filed on July 8, 2025. Denied that the Statement of Financial Affairs was executed or filed on that date; it was docketed earlier. Main Case Doc. 6 (entered 07/06/2025). Defendant denies the remaining allegations of Amended Complaint ¶ 8.

¶¶ 9-10, 12: Defendant refers to her schedules and Statement of Financial Affairs for their contents and denies any allegation inconsistent with them.

¶ 11: Admitted that Defendant filed Amended Schedules on November 16, 2025. Defendant refers to the docket for the docket number.

¶ 13: Denied.

¶ 14: Admitted that Defendant signed her Schedules, Statement of Financial Affairs, and Amended Schedules under penalty of perjury. Otherwise denied.

¶ 15: Admitted that Defendant testified under oath at the meeting of creditors. Defendant refers to the record of that meeting for its contents. Otherwise denied.

¶¶ 16-17: Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of Amended Complaint ¶¶ 16-17, and therefore denies them.

¶ 18: Admitted that Defendant has watched Plaintiff's "What the Hales" channel. Otherwise denied.

¶¶ 19-33: Denied.

¶¶ 34-35: Admitted that Plaintiff filed the Ohio action identified in Amended Complaint ¶ 34. Defendant refers to Exhibits A and B to the Amended Complaint for their terms. Otherwise denied.

¶ 36: Denied.

¶¶ 37-38: Admitted that Plaintiff filed the federal actions identified in Amended Complaint ¶¶ 37-38. Defendant denies the allegations made in those actions and refers to their dockets for their status. Otherwise denied.

¶ 39: Defendant incorporates her responses to Amended Complaint ¶¶ 1-38.

¶ 40: Amended Complaint ¶ 40 quotes a statute, to which no response is required.

¶¶ 41-43: Denied.

¶ 57: Defendant incorporates her responses to Amended Complaint ¶¶ 1-38.

¶ 58: Amended Complaint ¶ 58 paraphrases a statute, to which no response is required.

¶ 59: Defendant refers to her Schedules, Statement of Financial Affairs, and Amended Schedules for their contents and denies the characterization in Amended Complaint ¶ 59 and its footnote.

¶¶ 60-62: Denied.

¶ 63: Admitted that Defendant answered no to question 4 of the Statement of Financial Affairs, and no to question 20, which asks whether, "[w]ithin 1 year before you filed for bankruptcy," any financial accounts or instruments held in her name or for her benefit were "closed, sold, moved, or transferred"; otherwise denied.

¶¶ 64-67: Denied.

Defendant denies every allegation of the Amended Complaint not expressly admitted above, including the headings, footnotes, and prayers for relief, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim (Count III)

Count III fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Absence of Knowing and Fraudulent Intent (Counts II and III)

Any omission from Defendant's schedules or Statement of Financial Affairs was not made knowingly and fraudulently. Defendant amended her schedules after the petition.

### Reservation

Defendant reserves the right to amend these defenses as discovery proceeds.

WHEREFORE, Defendant requests that the Court dismiss Count II of the Amended Complaint, enter judgment for Defendant on Counts I and III, deny Plaintiff all relief, and grant such further relief as is just.

Dated: October 13, 2026.

Respectfully submitted,

*/s/ Jerome Ramsaran, Esq.* .

Jerome Ramsaran, Esq.
Fla. Bar No. 112703
Ramsaran Law Group
1200 Brickell Ave, Suite 1950
Miami, FL 33131
Tel: (888) 423-9393
Fax: (866) 473-2260

info@ramsaranlawgroup.com
*Attorney for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this adversary proceeding, including Randall Shochet, Esq., and Dennis J. LeVine, Esq., counsel for Plaintiff.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Northern District of Florida.

Dated: October 13, 2026.

Respectfully submitted,

*/s/ Jerome Ramsaran, Esq.*        .

Jerome Ramsaran, Esq.
Fla. Bar No. 112703
Ramsaran Law Group
1200 Brickell Ave, Suite 1950
Miami, FL 33131
Tel: (888) 423-9393
Fax: (866) 473-2260
jerome@ramsaranlawgroup.com
info@ramsaranlawgroup.com
Attorney for Debtor

**Mailing Information for Case 26-01001-KKS**

**Electronic Mail Notice List**
The following is the list of parties who are currently on the list to receive email notice/service for this case.

- Jerome Ramsaran, Esq. – info@ramsaranlawroup.com; jerome@ramsaranlawgroup.com
- Theresa M. Bender, Esq. – tmbenderch7@gmail.com

- Kevin Forsthoefel, Esq. - kforsthoefel@ausley.com
- Dennis Jay Levine, Esq. – Dennis.LeVine@brockandscott.com, wbecf@brockandscott.com, theresa.byington@brockandscott.com
- Randall M. Shochet, Esq. – attorneys@counsel.insure
- United States Trustee – USTPRegion21.TL.ECF@usdoj.gov