FORM oriso (Rev. 09/21)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Gainesville Division

In Re: Lynette Michelle Lacey Preston — Bankruptcy Case No.: 25−10173−MWC

Jeremy Hales
Plaintiff(s) — Adversary Case No.: 26−01001−MWC

vs

Lynette Michelle Lacey Alexis Preston
Defendant(s)

***Order Setting Rescheduled Scheduling Conference and Requiring a Joint Report Pursuant to Rule 26(f)***

Rule 1001 of the Federal Rules of Bankruptcy Procedure requires a "just, speedy, and inexpensive determination of every case and proceeding." To accomplish that purpose, and in accordance with Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16, and Fed. R. Bankr. P. 7026, incorporating Fed. R. Civ. P. 26, it is **ORDERED**:

(1) **Scheduling Conference**. The Court will conduct a scheduling conference on December 15, 2026, at 11:00 AM, Eastern Time, at U.S. Bankruptcy Courthouse, 110 E. Park Avenue, 2nd Floor Courtroom, Tallahassee, FL 32301. Parties may appear at the following alternate location: via Zoom (NOTE: Zoom participants may not introduce evidence or cross examine witnesses without prior authorization of the Court. See FLNB Zoom participation instructions at www.flnb.uscourts.gov/zoom). The Court may adjourn, reschedule, or change the location and manner of conducting the scheduling conference by announcement made in open Court or by separate Notice or Docket Entry.

(2) **Meeting of Parties and Joint Report**. Pursuant to Rule 26(f), Counsel of record and any unrepresented parties shall meet and confer **twenty−one (21) days** before the scheduling conference. The parties shall file a joint report no later than **seven (7) days** prior to the scheduling conference and must be prepared to discuss their joint report with Court at the scheduling conference. The plaintiff shall initiate arrangements for the meeting and filing of the report, but the Court shall hold all parties equally responsible for ensuring that the meeting is held and the joint report is filed. The parties shall address all matters set out in Rule 26(f) in the joint report, including:

(a) Whether the parties object to the Court's entry of a final order or judgment.[1] Failure of any party to object within fourteen (14) days of the entry of this Order shall constitute consent by such party to this Court entering all appropriate final orders and judgments in this proceeding. Nothing in this paragraph limits this Court's ability to determine *sua sponte* whether this proceeding is a core proceeding under 28 U.S.C. § 157(b)(3) or otherwise subject to entry of final orders or judgments by this Court;

(b) The possibility of settlement and whether parties request a court order to attend mediation (or any other alternative dispute resolution process);

(c) Proposed timetables and cutoff dates for the joinder of parties, amendments to the pleadings, and filing of motions and responses;

(d) How long each party needs to conduct discovery; whether there are any current or foreseeable discovery disputes that may need Court intervention; and what, if any, changes should be made in the discovery procedures and time in the applicable Bankruptcy Rules;

[1] *See Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

(e) The approximate month and year the parties believe the case will be ready for trial and the time required for trial; and

(f) Any other matters the parties deem appropriate and unique to the case that may need further development by the Court, including any disputes as to the information contained in the joint report.

(3) **Discovery**. All forms of discovery are governed by the applicable Bankruptcy Rules and this Court's and the District Court's local rules, unless otherwise ordered. Parties should be mindful of all applicable discovery rules, particularly Fed. R. Civ. P. 37(a)(5) regarding the possibility of an award of attorneys' fees and costs to a party as a result of a discovery dispute.

(4) **Discovery Disputes**. Counsel and any unrepresented parties shall attempt to resolve all discovery disputes without the Court's intervention. The Court will not entertain any motion raising discovery disputes unless the motion includes a certification that the moving party has conferred with opposing counsel or unrepresented party in a good faith effort to resolve the issue(s) pursuant to the applicable rules. *See Raymond James & Assocs. v. Camferdam (In re Camferdam)*, Case No. 18−30160−KKS, Adv. No. 18−03009−KKS, 2019 WL 3316133, 2019 Bankr. LEXIS 2312 (Bankr. N.D. Fla. May 15, 2019).

**DONE AND ORDERED** on October 27, 2026.

/s/ Mary W. Colón
Mary W. Colón
U.S. Bankruptcy Judge

**SERVICE BY THE COURT TO:**
Attorney(s) for Plaintiff(s)
Attorney(s) for Defendant(s)